IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAMELA JANE MADSEN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO REVIEW MAGISTRATE JUDGE'S DETENTION ORDER<br><br><br><br>Case No. 2:11-CR-127 TS |

This matter comes before the Court on Defendant Pamela Jane Madsen's Motion to Review Magistrate Judge's Detention Order. For the reasons discussed below, the Court will grant the Motion and order Defendant be released pending resolution of this matter.

I. BACKGROUND

Defendant faces charges of mail fraud and money laundering. These charges stem from Defendant's alleged embezzlement of funds from her employer. The Indictment in this matter alleges that Defendant stole approximately $1,300,000 from her employer.

1

While under investigation, but not subject to a criminal indictment, Defendant left the state of Utah. Defendant was later apprehended in Texas. Defendant appeared before the Magistrate Judge in this District for a detention hearing on July 22, 2011. The Magistrate Judge found Defendant to be a flight risk that could not be managed and ordered Defendant detained pending trial. Defendant now seeks review of that order of detention.

## II. LEGAL STANDARD

The Court considers Defendant's request for a review of the magistrate judge's order detaining the defendant under 28 U.S.C. § 3145(b) and DUCrimR 57-16(a)(1).[1] The Court conducts its own de novo review of the detention issue giving no deference to the magistrate judge's findings or conclusions.[2] In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the magistrate judge, including any exhibits.[3]

In making its determination, this Court, like the Magistrate Judge, is governed by the standards set forth in 18 U.S.C. § 3142. Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or

---

[1] "Any party is entitled to appeal a magistrate judge's order releasing or detaining a defendant. . . ."

[2] DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002); *see also United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under subsection (a) of § 3145 is de novo).

[3] *Lutz*, 207 F. Supp. 2d at 1251.

combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."[4]

The government must prove risk of flight by a preponderance of the evidence.[5] To determine whether there are conditions of release that will reasonably assure the appearance of Defendant, this Court considers the following factors:

> (1) The nature and circumstances of the offense charged . . .;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>     (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[6]

### III. DISCUSSION

Based upon the evidence received at the hearing, and having reviewed the Magistrate Judge's detention order *de novo*, the Court finds that a combination of conditions will reasonably assure the appearance of the Defendant, therefore, she will not be detained.

---

[4] 18 U.S.C. § 3142(b), (c), & (e).

[5] *Cisneros*, 328 F.3d at 616. The government has not argued that Defendant presents a danger to another or the community.

[6] 18 U.S.C. § 3142(g).

The nature and circumstances of the offenses charged are serious. However, the weight of the evidence against Defendant is not clear at this point.

Considering the history and characteristics of the Defendant, the Court notes that there is no evidence of a criminal history. Of concern to the Court is the fact that, while under investigation, Defendant left the state and the evidence presented at the hearing expresses some indication she did not intend to return and did not want to "end up in jail." Defendant also lied to others, indicating that she was in Russia when she was not. This evidence, however, is countered by the fact that Defendant was not under indictment at the time she left the state. Further, while outside of Utah, Defendant openly used her own name and other personal information, doing little to hide her actual identity. In addition, Defendant relates that she can live with her father in Delta, Utah and that other measures can be taken to assure her presence.

Finally, there is nothing to suggest that Defendant would be a danger to any person or the community if she were released.

Considering all of the above, and noting the presumption in favor of release, the Court finds that a combination of conditions will reasonably assure the appearance of the Defendant. The Court orders Defendant released pending resolution of this matter.

In consideration of the least restrictive conditions necessary to reasonably assure the appearance of the Defendant, the Court imposes the following conditions on Defendant:

1. The defendant shall not commit any offense in violation of federal, state or local or tribal law while on release in this case.

2. The defendant shall immediately advise the Court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

3. The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

4. The defendant shall reside with her father in Delta, Utah and shall not move without prior permission from Pretrial Services.

5. The defendant shall actively seek and maintain employment and/or maintain or commence an educational program authorized by Pretrial Services.

6. The defendant shall report to Pretrial Services as directed.

7. The defendant shall refrain from possessing a firearm, destructive device, or any other dangerous weapons.

8. The defendant shall not travel outside the state of Utah without prior permission of Pretrial Services.

9. The defendant shall surrender her passport to the Clerk of the Court and shall not obtain a new passport.

10. The defendant shall submit to being monitored via a global positioning system receiver at all times. The defendant is directed to pay for monitoring once she is employed.

11. The defendant shall comply with the following curfew: 6:00 p.m. to 8:00 a.m. No change will be permitted without prior permission from Pretrial Services.

12. The Defendant shall not open any new lines of credit or handle third parties' funds.

13. The defendant shall avoid all contact with any persons who may be considered either alleged victims or potential witnesses.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Review Magistrate Judge's Detention Order (Docket No. 16) is GRANTED. The Defendant is ordered released under the conditions outlined above.

DATED   August 30, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a tem of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both.

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.